# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

THOMAS DORSEY BAILEY, III,                                                         PLAINTIFF
ADC #148850

V.                                            4:19CV00906-LPR-JTK

KANESHA N. GRANDY                                                                  DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Bailey, a state inmate confined at the Ouachita River Unit of the Arkansas Division of Correction (ADC), filed this pro se 42 U.S.C. § 1983 action alleging violations of his Eighth and Fourteenth Amendment rights by Defendant Grandy. (Doc. No. 2)

Having reviewed the Complaint, the Court finds it should be dismissed as barred by res judicata, and for failure to state a claim upon which relief may be granted.

**I.   Screening**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."

2

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).   In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of the Plaintiff, unless the facts alleged are clearly baseless.   Denton v. Hernandez, 504 U.S. 25, 32 (1992).   But regardless whether a plaintiff is represented or appearing pro se, his complaint must allege specific facts enough to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir. 1985).

Following the United States Supreme Court's opinion in Ashcroft v. Iqbal, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." 556 U.S. 662, 678, (2009), citing Twombly, 550 U.S. at 570.   A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.   Id. at 556.   The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.   Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id. at 556-7.

## II.   Facts and Analysis

Plaintiff alleges that on March 26, 2018, Defendant Grandy "stated to me…Thomas Bailey been getting dicked down since he been in prison;…I'll strap a dildo on…and f\*\*\* him myself…nigga you a bitch…you ain't nothing but a faggot." (Doc. No. 2, p. 4) Plaintiff alleges these actions violated his Eighth and Fourteenth Amendment rights and asks for money damages

3

from Defendant.

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived the Plaintiff of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). The Court finds that Plaintiff's allegations in this case are barred by res judicata and also should be dismissed for failure to state a claim upon which relief may be granted. In Bailey v. Grandy, 5:19cv00213-SWW, Plaintiff complained about the same incident involving the same Defendant and alleged Eighth Amendment claims of failure to protect and cruel and unusual punishment, and intentional infliction of emotional distress. This Court granted Defendant Grandy's Motion to Dismiss on September 12, 2019, finding that Plaintiff's Complaint should be dismissed without prejudice for failure to state a claim upon which relief may be granted. (Doc. No. 15) In the Proposed Findings and Recommendation, I found that verbal threats do not state a constitutional claim for relief, and that sexual harassment without physical contact is insufficient to support an Eighth Amendment claim for relief. (Doc. No. 14)

Plaintiff alleges the same facts in the present complaint, and claims Eighth and Fourteenth Amendment violations. Under res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." United States v. Gurley, 43 F.3d 1188, 1195 (8th Cir. 1994). The Court further stated, the "prior judgment is binding ... not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose....[and] whether the present action is the same cause of action as the prior action depends on whether it 'arises out of the same nucleus of operative facts as the prior claim.'" Id., quoting Lane v. Peterson, 899 F.2d

4

737, 741 (8th Cir. 1990).

In Plaintiff's prior case, the Court held that his allegations did not support an Eighth Amendment claim for relief. Therefore, those same allegations in this case should be dismissed, as barred by res judicata. In the present case, Plaintiff also alleges a Fourteenth Amendment violation based on gender discrimination. However, he does not allege that Defendant denied him a right or privilege based on his sex or treated him differently from others similarly-situated. Rather, he appears to base his claim on the fact that Defendant, a female, made disparaging remarks to Plaintiff, a male. This, however, does not support a Fourteenth Amendment equal protection claim based on gender discrimination. See City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985); Keeven v. Smith, 100 F.3d 644, 648 (8th Cir. 1996; and Klinger v. Department of Corrections, 31 F.3d 727, 731 (8th Cir. 1994).

Therefore, since the present case is nearly identical in every respect as the prior case, focuses on the same underlying facts, and fails to state a Fourteenth Amendment claim for relief, the Court finds that this case should be dismissed as barred by res judicata and for failure to state a claim. In addition, dismissal should be considered a "strike" within the meaning of the PLRA, and an in forma pauperis appeal from an Order and Judgment dismissing this action would not be in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

### III. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.  Plaintiff's Complaint against Defendant be DISMISSED with prejudice as barred by res judicata and for failure to state a claim.

2.  Dismissal of this action constitute a "strike" within the meaning of the Prison

Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

    3.    The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 19th day of December, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.